UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM CARTER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:16-cv-02873-TWP-MPB ) |
| SUPERINTENDENT New Castle Correctional Facility, | ) ) ) ) |
| Respondent. | ) |

**Entry Discussing Habeas Petition and Directing Further Proceedings**

Before the Court is a habeas petition challenging a prison disciplinary proceeding in which the Petitioner William Carter was found guilty of sexual conduct for exposing himself to a correctional officer. Petitioner denied, and continues to deny, that he exposed himself to a correction officer. Prior to the disciplinary hearing at issue, he sought video evidence to prove his innocence.

On a video evidence review form prepared by the disciplinary hearing board, a hearing officer checked a box indicating that "allowing the offender to view video recorded evidence would . . . jeopardize the safety and/or security of the facility." Filing No. 12-6 at 1. A summary of the video was provided, and it states that it shows officers conducting pat down searches (when the alleged exposure occurred) but the hearing officer was "unable to identify anyone or see any details." *Id.*

In the petitioner's habeas petition, he argues, among other things, that he was improperly denied the ability to use the video evidence that allegedly would prove his innocence. Filing No.

1 at 2. He also contends that it is untrue that permitting him to view the video evidence would have jeopardized the safety and security of the facility. *Id.*

The Respondent's return to the show cause order does not address either of these arguments. Instead, the Respondent characterizes the Petitioner's claims regarding the video evidence as part of a sufficiency of the evidence challenge and states that "[t]he video evidence is unnecessary because 'some evidence' otherwise exists that supports [the petitioner's] guilt." Filing No. 12 at 5.

Respondent's argument is not persuasive, because Petitioner's claims regarding the video evidence are not sufficiency of the evidence challenges. Rather, Petitioner is challenging the denial of allegedly exculpatory evidence and the consequent inability to utilize it in his defense. There are two difficulties for the respondent in defending against such a claim.

First, "procedural due process require[s] prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). "But prison authorities who assert a security justification for nondisclosure [of video evidence] still have the burden of proving that their denial of requested evidence was not 'arbitrary or capricious.'" *Johnson v. Brown*, --- Fed. Appx. ----, 2017 WL 1040773, *2 (7th Cir. 2017) (quoting *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) ("*Piggie I*")). This burden was not met here. Notably, as happened here, "adding a checkmark to preprinted boilerplate saying that disclosing evidence '. . . would . . . jeopardize the safety and/or security of the facility' is inadequate to override the right to disclosure under the Due Process Clause." *Id.* (collecting cases). In order for the withholding of the video to be justified, a more thorough explanation is required. *See id.* ("[C]hecking a box does not explain how th[e] standard is met.").

Second, "even when prison administrators have a valid justification for withholding video evidence, 'due process requires that the district court conduct an *in camera* review' to assess whether the undisclosed video is exculpatory." *Id.* (quoting *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) ("*Piggie II*")). The respondent informed the Court that the video was not available at the time the return to the show cause order was filed, January 9, 2017, and that the record would be supplemented as soon as possible. Over three months have passed and the Court has not received the video evidence, which, as noted, it must view in order to evaluate the petitioner's claim.

Given the foregoing, the respondent shall have **through April 28, 2017**, in which to (1) submit the video evidence to the Court; and (2) provide an explanation for the withholding of the video from the petitioner in accordance with the above cited law. If the respondent is unable to do both of these things, the petitioner's disciplinary conviction at issue must be vacated and his good-time credit and credit-earning class must be restored. *See Piggie I*, 277 F.3d at 926; *Johnson*, --- Fed. Appx. ----, 2017 WL 1040773, at *3.

**IT IS SO ORDERED.**

Date: 4/17/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

WILLIAM CARTER
160394
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362